IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 4:12-517 |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| MARCUS MANDRELL WILLIAMS ) | |

## PRELIMINARY ORDER OF FORFEITURE
## AS TO MARCUS MANDRELL WILLIAMS

1.     On June 26, 2012, a federal grand jury in this district returned an Indictment charging the Defendant, Marcus Mandrell Williams ("Williams", "Defendant"), with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

2.     The Indictment provided that upon Williams' conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461. The forfeitable property is identified as follows:

- Rossi M971 Revolver CAL-357
  Serial # F116583
  Seized from: Marcus Mandrell Williams
  Asset ID: 11-ATF-031385

- 4 Rounds Assorted Ammunition CAL-357 and 358
  Seized from: Marcus Mandrell Williams
  Asset ID: 11-ATF-031386

3. On November 28, 2012, Williams pled guilty to Count 1 of the Indictment.

4. Based upon Williams' conviction and other matters appearing in the record, the court has determined that the below-described property is subject to forfeiture, in that Williams was previously convicted of a crime punishable by imprisonment for a term exceeding one year, and may not legally possess firearms or ammunition. The court finds that Williams has an interest in such property, and that the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

5. The court has further determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Williams has been convicted; therefore, pursuant to 18 U.S.C. § 924(d), the property shall be forfeited to the United States, subject to the provisions of 21 U.S.C. § 853(n) governing third party rights.

6. The court further finds that the United States is entitled to a judgment of forfeiture and possession of the property pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. The following property, and all right, title and interest of the Defendant, Marcus Mandrell Williams, in and to the following property, is hereby

forfeited to the United States of America for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n):

- Rossi M971 Revolver CAL: 357
  Serial # F116583
  Seized from: Marcus Mandrell Williams
  Asset ID: 11-ATF-031385

- 4 Rounds Assorted Ammunition CAL: 357 and 358
  Seized from: Marcus Mandrell Williams
  Asset ID: 11-ATF-031386

2. Upon entry, this order becomes final as to Williams, and shall be made a part of his sentence and included in the criminal judgment;

3. The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property;

4. Upon entry of this Order, the United States Marshal's Service or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights;

5. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject

property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c);

6.     Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought;

7.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues;

8.     The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions;

9.     The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e);

10.     The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

_____
TERRY L. WOOTEN
UNITED STATES DISTRICT JUDGE

April 17, 2013
Florence, South Carolina